## PETER D. PALMER *vs.* JEREMIAH SKILLENGER.

In an action for an assault, the day is immaterial, and proof of an assault any day before the action, will be sufficient.

TRESPASS assault and battery. Pleas, son assault demesne, and act of limitations. Replications and issues.

The declaration laid the trespass on the 8th of October, 1848, and

*Mr. Layton* objected to proof of any other assault and battery, prior to that time. (1 *Steph. N. P.*, 222 , 1 *Harr. & Johns.*, 483 : 3 *Harr. & McHen.*, 593 , 1 *Bing. Rep.*, 317 ; 1 *Esp. Rep.*, 58 ; *Cro. Eliz.*, 268.)

*Houston.*—The day laid in the narr is immaterial, but if the defendant plead son assault, &c., *and prove* an assault by the plaintiff *on any day*, it will be sufficient, unless the plaintiff have by a new assignment specified another day.

*The Court* said that the particular issue being on the plea of son assault demesne on the 8th of October, 1848, and replication of de injuria sua propria, &c., the defendant should begin with his evidence, and if he proves an assault on him by the plaintiff, on any

day before the action brought, the plaintiff will not be allowed to answer it by proof of an assault on any other day, unless he re-assign.

The defendant's counsel objected to going on with their evidence first, because there was another plea and issue, viz : the act of limitations; and he objected also to the plaintiff being allowed to prove any other assault than on the 8th of October, 1848.

*The Court* directed the plaintiff to proceed, and admitted proof on another day, to which defendant's counsel excepted.

The plaintiff had a verdict.

*Cullen* and *Houston*, for plaintiff.
*Robinson* and *Layton*, for defendant.